THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PSYBIO THERAPEUTICS, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> RICHARD CORBIN <br><br> *Defendant*. <br> _____ <br><br> RICHARD CORBIN, <br><br> *Counter-Plaintiff*, <br><br> v. <br><br> PSYBIO THERAPEUTICS, INC., <br><br> *Counter-Defendant*. | No. 20 C 3340 <br><br> Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Psybio is a research and development company concentrating on the development of biosynthetic psychoactive compounds that offer a new paradigm of treatment for mental health issues. Psilocybin is a naturally occurring psychedelic prodrug compound that is produced by species of fungus—or more commonly described as psychedelic mushrooms or magic mushrooms. Richard Corbin formed and incorporated Psybio in January 2020. A few weeks later, and by his consent, Corbin named Evan Levine, Ross Carmel and himself as the directors of the company. A few weeks after that, on February 7, 2020, the Board of Directors

issued 31,200,000 shares of the company: 10 million to Levance Prospects LLC, an entity owned by Levine; 10 million to Robert Nathan; 10 million to Colony Capital LLC, an entity owned and controlled by Corbin; and 1.2 million to Carmel, Milazzo, & DiChiara LLP. Shortly after setting up the company, Corbin obtained websites and domain names for Psybio using his own name.

By April, the directors were at logger heads. On the one side was Corbin who had successfully obtained a partnership with a professor from Miami University and had entered into a letter of intent wherein Psybio would sponsor the professor's research and possible commercial medical uses of psilocybin. On the other side was Levine and Carmel who wanted a private equity firm in Toronto, Canada to invest in the company. Corbin did not like the idea of the potential deal because it would permit the Canadian company to receive nearly one-third of Psybio's stock through the acquisition of extra shares that were more valuable than the investment itself. Meanwhile, Carmel and Levine had formed another entity called PsyBio Life Sciences and they sought to get Corbin to reduce his shares. When he refused, they voted to dissolve the entity only to come back later to say they could not have done so but they fired him from his board position. The other directors had confronted Corbin regarding what they believed to be wrongful conduct and a standoff began with Corbin essentially refusing to provide any services to Psybio until the Directors provided him with a lucrative employment contract and substantial severance package and the Directors efforts to dissolve the entity and move Corbin out of his position. Through a serious of actions, the Directors first attempted to dissolve Psybio but then realized they could not do that because they needed to so at a shareholders' meeting. Next, they fired Corbin from the board on May

6, 2020 for "misconduct" including interfering with Psybio's relationship with Miami University and refusing to provide passwords and domaine names to them. This led to Psybio filing suit on June 5, 2020 for breach of fiduciary duty and equitable relief.

Of course, the battle did not end there. Corbin counter-sued alleging that Psybio had wrongfully forced him out; created a stock split that would significantly reduce his shares; and intended to merge with another company and failed to notify him of the merger. He alleged unfair dealing, appraisal, conversion and declaratory judgment among other claims. On January 19, 2021, nearly one year to the day of the incorporation of Psybio, Corbin moved for a temporary restraining order alleging immediate harm from the pending merger that cannot be remedied without the issuance of an injunction.

The Court held a hearing on January 22 and continued on January 25, 2021. For the following reasons, the Court denies Corbin's motion for a TRO.

## LEGAL STANDARD

The standard for the issuance of a TRO is the same as that required to issue a preliminary injunction. *See Merritte v. Kessel*, 561 Fed.Appx. 546, 548 (7th Cir.2014). To obtain a preliminary injunction, the movant must demonstrate (1) a likelihood of success on the merits, (2) that he or she will suffer irreparable harm absent injunctive relief, and (3) that he or she has no adequate remedy at law. *Smith v. Executive Dir. of Ind. War Mem'ls Comm'n*, 742 F.3d 282, 286 (7th Cir.2014); *Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007, 1011 (7th Cir.2005). If the moving party meets this threshold showing, the Court "must weigh the harm that the plaintiff will suffer absent an injunction against the harm to the defendant from an injunction." *GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 364 (7th Cir. 2019) (internal

3

quotations omitted). The Court must also consider whether the injunction is in the public interest, including any effects granting the relief may have on non-parties. *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1068 (7th Cir. 2018).

## DISCUSSION

The first issue to address is whether emergency relief should be granted. Emergency relief is rare and it is preserved for those circumstances when the preservation of the status quo is essential in order to prevent a party from suffering a harm that cannot be redressed in some monetary way. Of course, the parties have been litigating now for eight months and have been in discovery to get to the bottom of their issues. The usual course of litigation would require them to finish that work and then file a dispositive motion if they are able. But stopping that usual litigation path for an emergency must truly be a situation where monetary damages are simply insufficient to redress a harm.

Corbin alleges that he seeks emergency relief now, eight months into the litigation, because the merger is expected to take place by the end of February and he will be harmed irreparably from it. Yet, the merger was the main basis for the dispute in the first place. All the way back in April 2020, Corbin was aware that Levine and Carmel were seeking to have a Canadian private equity firm invest in PsyBio. When the lawsuit was filed, he counter-claimed alleging that his shares were being diluted and that he would not have a say in the direction of the company. Then in October 2020, there was a public announcement about the venture. Through discovery, Corbin has sought to get the details of the agreement and has not been able to do so. He did not file this emergency motion until January of 2021. Nothing new has changed since the suit was filed in that he was aware of the intended merger and

4

stock split in April and even had public verification by October. Simply because he wants information regarding that merger is not a sufficient change in circumstances to qualify for emergency relief. This could be the end of discussion here but the Court will address why even if there were an emergency, Corbin is not entitled to relief.

Corbin must have a likelihood of success on the merits. His claims involve unfair dealing, conversion, and declaratory judgment among others. When the Court began the hearing on a Friday, the presentation of the evidence to show that Corbin is entitled to relief was inconclusive and, at best, confusing. The Court gave Corbin an opportunity to file more fulsome briefs and present more evidence. This led to the second day of the hearing which commenced after a weekend.

Corbin's main claim is that the Plaintiffs have diluted his stock and have left him with a percentage that constitutes a conversion. He claims that the Reverse Split of stock converted over 9 million shares of the 10 million he held. But of course, we are not talking about a dollar amount at this time, only a number of shares and pursuant to the Reverse Split, each ten shares of stock held by any stockholder was converted to one share. This does not constitute a conversion so he is unlikely to succeed on his conversion claim.

As for his unfair dealing claim, Corbin must be able to prove that the merger is unfair and the price is unfair. Remarkably, Corbin continues to allege an unfair merger when over $14 million in investor income is coming into the company. Nowhere in his filings does he show how that influx of investor cash is not favorable to the company.

As for his declaratory judgment claim, Corbin alleges that his termination for cause was ineffective because it was done without notice. Although the parties provided the Court

with the Bylaws, neither side mentioned them very much during argument. The Court does not see any provision, nor was one pointed out that, that he was required notice. There is further no provision that allows for a minority shareholder to challenge the vote of the other two shareholders. Each action was an action voted on two against one. Also, it does not state in the by-laws that an officer may only be removed for cause.

In short, the evidence presented regarding the business relationship here is strongly contradicted by both sides; but important for the purpose of this motion, Corbin has failed to meet his burden to show the Court that he was the victim of unfair dealing, conversion, or improper conduct on the part of the directors.

Turning to the irreparable harm prong, Corbin continually argues that he will not have a say in the direction of the company and therefore monetary damages are insufficient. Yet, he fails to show how he was entitled to a say in the direction and management of the company if the majority of shareholders have voted against him. Further, his main claim is for money damages. Now that PsyBio has over two dozen new investors and will be going public shortly, it is difficult to understand how his monetary damages claim would be reduced. In fact, if he prevails with his claims, he will have the ability to recover damages from this fluid entity as opposed to blocking the merger, forcing the merger to fail, and not having the ability to seek monetary damages.

Plaintiffs also make a claim that Corbin has no standing to reach his claims because the Psybio stock is owned by Colony, an entity that he controls, but not by hm directly. The Court will not address the intricacies of this argument at this emergency stage because the other elements of temporary restraining order have not been met.

Finally, when balancing the harms and considering public policy, it is clear to the Court from the record that there are over twenty-four investors who will be harmed by the Court's interference with this merger, countless hours of both corporate and legal work preparing for the merger, and a total loss of nearly $16 million. The investors would also lose nonrefundable fees and PsyBio will be unable to meet its obligations to a number of vendors and to pay the amount owed to Miami University. It is further in the public's interest to allow the merger to go forward because the failure of the merger will result in dozens of third parties being detrimentally impacted and a flurry of lawsuits will result.

Corbin's claims all sound in monetary damages not equitable relief. That redress can be provided if he prevails in this litigation which is nearing its discovery conclusion. He has failed to act immediately on this "emergency relief" which belies the fact that it is not an emergency.

## CONCLUSION

Corbin's motion for temporary restraining order is denied.

Date: January 27, 2021

Hon. Virginia M. Kendall
United States District Judge