THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PSYBIO THERAPEUTICS, INC., )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>RICHARD CORBIN )<br>)<br>*Defendant*. )<br>_____ )<br>)<br>RICHARD CORBIN, )<br>)<br>*Counter-Plaintiff*, )<br>)<br>v. )<br>)<br>PSYBIO THERAPEUTICS, INC., )<br>)<br>*Counter-Defendant*. ) | No. 20 C 3340<br><br>Judge Virginia M. Kendall |

**MEMORANDUM OPINION AND ORDER**

Before the Court are (1) Defendant/Counter-Plaintiff Richard Corbin's Motion to Compel written discovery responses (Dkt. 52) and (2) non-party Johanna Corbin's Motion to Quash subpoena (Dkt. 95). For the reasons stated below, Defendant's Motion to Compel written discovery responses is denied; Ms. Corbin's Motion to Quash the non-party subpoena directed to her is denied and her deposition will proceed via video, take no more than two hours, and be limited to testimony relating to any potential investment into PsyBio by Ms. Corbin.

1

## BACKGROUND

This case has been pending since June 5, 2020 when PsyBio filed its complaint for declaratory judgment against Corbin following his purported removal from PsyBio's Board of Directors and termination of his position as an officer of PsyBio for, among other things, breaching his fiduciary duties to PsyBio. Corbin responded with counterclaims of his own alleging PsyBio had wrongfully forced him out of the company and intended to merge with another company (the "Leo Transaction") without notifying him as a shareholder. Corbin filed the instant motion to compel in November 2020. Shortly afterward, Corbin filed a temporary retraining order to prevent the Leo Transaction from taking place. The Court denied the TRO (Dkt. 77) and the Leo Transaction closed on February 19, 2021 (Dkt. 87 ¶ 7).

The parties have moved unopposed to extend fact discovery three times in this case—Corbin twice and PsyBio once. (Dkts. 91, 108, 110). Each such motion reports that the parties continue to issue supplemental written discovery, conduct depositions, and subpoena non-parties. Fact discovery closes November 30, 2021.

## DEFENDANT'S MOTION TO COMPEL

1. **Legal Standard**

Despite the liberal breadth of discovery allowed under Rule 26 of the Federal Rules of Civil Procedure, a proponent of a motion to compel discovery bears the initial burden to prove that the information sought is relevant. *See e.g. West v. Miller,* 2006 WL 2349988 (N.D. Ill. Aug. 11, 2006); *see also United States v. Farley,* 11 F.3d 1385, 1390 (7th Cir.1993) ("Since the documents at issue are not relevant to the controversy before us, Farley cannot, as a matter of law, make a showing of need.") District courts enjoy broad discretion when considering

2

motions to compel. *Packman v. Chicago Tribune Co.,* 267 F.3d 628, 646 (7th Cir. 2001). The district court is "in the best position to decide the proper scope of discovery and to settle any discovery disputes." *Scott v. Chuhak & Tecson, P.C.*, 725 F.3d 772, 785 (7th Cir. 2013).

Federal Rule of Civil Procedure 37 governs motions to compel discovery, requiring the movant to certify that it has tried in good faith to resolve the dispute without court interference. Fed.R.Civ.P. 37(a)(1). Under Local Rule 37.2, the movant must show that after consultation and good faith attempts to resolve differences the parties are unable to reach an accord; or counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's. L.R. 37.2.

### 2. Discussion

As an initial matter, Corbin satisfies Rule 37 and Local Rule 37.2, providing a detailed description of the parties' efforts to resolve these discovery disputes without the Court's involvement. (Mot. to Compel ¶¶ 6-7, 10, 12-13). Corbin's motion raises both general complaints about PsyBio's written responses and a specific request that PsyBio produce all documents related to the Leo Transaction.

Taking first Corbin's issues with PsyBio's written responses (Mot. to Compel ¶¶ 16-21, 28), Corbin argues that PsyBio has failed to meet its discovery obligations under Rule 26 and Rule 33. The parties have been engaged in active discovery for over a year and have moved to extend discovery several times. The parties have told the Court during this time that there has been voluminous document production and supplemental written discovery. (Dkts. 91, 108, 110). Therefore, the Court dismisses as moot Corbin's grievances related to PsyBio's ongoing discovery obligations under Rule 26 and Rule 33.

Second, Corbin's motion asks the Court to compel PsyBio to produce "the entire universe of information relating to this case that PsyBio provided to any party in connection with the Leo Transaction." (Mot. to Compel ¶ 25). Corbin has not made a sufficient showing of relevance of documents related to the Leo Transaction in his motion to shift the burden to PsyBio.[1] Corbin's reliance on a related, derivative action (20-CV-3885) is unavailing as that action was dismissed. (20-CV-3885, Dkt. 45).[2] Further, Corbin has not made an adequate showing of relevance connecting the documents he seeks about the Leo Transaction with any claims or defenses, except that he alleges in a conclusory fashion that they may be relevant to the irreparable harm inquiry. Corbin fails to explain how his alleged harmful conduct in May 2020, and PsyBio's subsequent damage, are connected to the later-occurring Leo Transaction. Therefore, Corbin's Motion to Compel the broad production of documents related to the Leo Transaction is denied.

---

[1] Corbin's argument that he is entitled to these materials as a shareholder is a non-starter. (Mot. to Compel ¶ 26). This Court only evaluates Corbin's right to materials as a party to this litigation, not as a shareholder.

2 The derivative action was filed by Corbin on July 2, 2020 against the officers and directors of PsyBio. While the case was ongoing at the time of Corbin's motion to compel, it has since been dismissed for lack of personal jurisdiction and so cannot be relied upon as the basis for the relevance of documents to this litigation.

## NON-PARTY JOHANNA CORBIN'S MOTION TO QUASH

**1. Legal Standard**

A court must quash or modify a subpoena if it (1) fails to allow a reasonable time to comply; (2) requires a person who is neither a party nor a party's officer to travel more than 100 miles; (3) requires disclosure of privileged or other matter, if no exception or waiver applies; or (4) subjects a person to undue burden. Fed.R.Civ.P. 45(c)(3)(A)(i)-(iv). The party seeking to quash a subpoena under Rule 45(c)(3)(A) bears the burden of demonstrating that the information sought subjects a person to undue burden. When determining if a burden is undue, the court must ask whether "the burden of compliance with [the subpoena] would exceed the benefit of production of the material sought by it". *Northwestern Mem'l Hosp. v. Ashcroft,* 362 F.3d 923, 927 (7th Cir. 2004). Non-party status "is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue." *See, e.g., Parker v. Four Seasons Hotels, Ltd.,* 291 F.R.D. 181, 188 (N.D. Ill. 2013). As with other discovery issues, deciding whether to grant a motion to quash lies within the sound discretion of the district court. *See Griffin v. Foley,* 542 F.3d 209, 223 (7th Cir. 2008)

**2. Discussion**

Ms. Corbin moves to quash the subpoena on the grounds that it is technically deficient, unduly burdensome, and implicates privileged information.[3]

---

[3] Ms. Corbin also asserts that this subpoena is "wholly retaliatory in nature" and issued only to harass Defendant, her brother. (Mot. to Quash ¶¶ 6-7) But family relation alone does not prove harassment, and the limited scope and virtual nature of Ms. Corbin's deposition is adequate protection against any potential harassment here.

First, the technical issues raised by Ms. Corbin are not reasons to quash the subpoena. The parties can resolve the administrative matter of Ms. Corbin's witness fee without court intervention. Rule 45's condition that a non-party cannot be required to travel more than 100 miles is also not reason to quash—PsyBio has agreed to conduct the deposition over video so that Ms. Corbin will not even be required to leave her home.

Second, as the party seeking to quash the subpoena, Ms. Corbin bears the burden of demonstrating she will be subject to an undue burden. *See e.g. Pacific Century Int'l, Ltd. v. Does 1–27,* 282 F.R.D. 189, 193 (N.D. Ill. 2012). While "[n]on-party status" is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue, *U.S. v. Amerigroup Illinois, Inc.*, 2005 WL 3111972, at *4 (N.D. Ill. Oct. 21, 2005), non-parties are not "exempt ... from the basic obligation of all citizens to provide evidence of which they are capable upon appropriate request." *See, e.g., Uppal v. Rosalind Franklin Univ. of Med. & Sci.*, 124 F.Supp.3d 811, 813 (N.D. Ill. 2015).

One claiming undue burden must do more than say it is so. *See EEOC v. Aerotek, Inc.*, 815 F.3d 328, 334 (7th Cir. 2016). Undue burden is a case-specific inquiry. *See, e.g., Tate v. City of Chicago*, 2021 WL 4437853 (N.D. Ill. Aug. 3, 2020). Here, Ms. Corbin states she has no responsive documents, and PsyBio agrees the deposition will be "quick." (Mot. to Quash. ¶4, Ex. 5). This does not indicate an undue burden. To the contrary, a lack of responsive documents suggests the burden involved with responding to the subpoena is low. Ms. Corbin's argument that a lack of knowledge should preclude her deposition is also misplaced. Ultimately, PsyBio believes that Ms. Corbin has discoverable information; Ms. Corbin responds that she does not. A limited deposition is the best vehicle to resolve that disagreement.

That said, PsyBio may not embark on an unlimited exploration of Ms. Corbin's communications and interactions with her brother. *See, e.g.*, *Uppal*, 124 F. Supp. 3d at 814 ("The discovery rules are not a ticket … to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest.") PsyBio may ask Ms. Corbin about any purported investment in PsyBio and the circumstances surrounding that, because PsyBio has alleged it is directly relevant to Corbin's conduct that is the subject of this litigation. (Dkt. 103). But PsyBio may not, as suggested in its opposition to the motion to quash, poke around for "documents and communications which may amount to an admission, statement against interest, or is otherwise admissible" beyond the potential investment in PsyBio. (Dkt. 103).

Finally, Ms. Corbin's status as an attorney is not a basis to quash the subpoena because the subpoena does not "require disclosure of privileged materials" prohibited by Rule 45. Ms. Corbin states only that information is "likely to be privileged," not that she has acted as an attorney for any matter related to this litigation. In any case, the proper route is for Ms. Corbin to raise any issues of privilege on a question-by-question basis during the deposition. *See U.S. v. Lawless*, 709 F.2d 485, 487 (7th Cir. 1983); *see also N.L.R.B. v. Modern Drop Forge Co.*, 108 F.3d 1379 (7th Cir. 1997) (finding a question-by-question approach to depositions essential even where claims of attorney client privilege could be raised).

## **CONCLUSION**

For the reasons given, Defendant's Motion to Compel written discovery responses (Dkt. 52) is denied. Non-party Johanna Corbin's Motion to Quash the subpoena directed to her (Dkt. 95) is denied and the parties are instructed that the deposition of Ms. Corbin shall be

conducted virtually, last no more than two hours, and be limited only to testimony related to Ms. Corbin's potential investment (if any) in PsyBio.

>
> _____
> Virginia M. Kendall
> United States District Judge

Date: September 29, 2021